```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/10/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Amit Bhardwaj,
Srinivasa Kakkera, and
Abbas Saeedi,

                *Defendants.*

**Protective Order**

**22 Cr. 398 (GHW)**

    Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

    **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities; (ii) may reflect personal identification information (including but not limited to names, social security numbers, dates of birth, addresses, telephone numbers, and account numbers); (iii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iv) would risk prejudicial pretrial publicity if publicly disseminated; and (v) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

    **NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

    1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the

defense solely for purposes of defending this action and may be used by the defense in connection with *S.E.C. v. Bhardwaj, et al.*, 1:22-cv-06277. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material may be disclosed by the defense for purposes of defending this action or *S.E.C. v. Bhardwaj* to:

> (a) Personnel employed, retained, or consulted by counsel in connection with this action or *S.E.C. v. Bhardwaj*; and
>
> (b) Prospective witnesses, and their counsel, to the extent deemed necessary by the defense, in connection with this action or *S.E.C. v. Bhardwaj*.

3. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

4. This Order does not prevent the disclosure of any disclosure material in any motion, hearing, trial, or sentencing proceeding held in this action or *S.E.C. v. Bhardwaj*, or to any district judge or magistrate judge of this Court (or their staff), including but not limited to by filing any such material electronically via Electronic Case Filing (ECF) in this action or *S.E.C. v. Bhardwaj*. However, before filing documents produced by Lumentum Holdings Inc. ("Lumentum"), Coherent, Inc. ("Coherent"), and NeoPhotonics Corporation ("NeoPhotonics"), and material produced pursuant to 18 U.S.C. § 3500, the parties shall meet and confer regarding what, if any, of those documents should be redacted from any public filing. If the parties cannot reach agreement, the party seeking to file a document about which there is a dispute should initially redact the

2

document in the public filing, and the party seeking to keep the document under seal should provide to the Court an application containing the bases for maintaining the document under seal or in redacted form. In the event the parties agree a document should be filed under seal or in redacted form on the public docket, the parties should provisionally file the document on an under-seal or redacted basis and should contemporaneously provide to the Court an application containing the bases for maintaining the document under seal or in redacted form. In the event that the Government discloses additional materials that the Government believes should be kept confidential in public filings, the Government shall indicate as such at the time the records are produced by designating the information as "protected information." All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

    5. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various cell phones, iCloud storage, and email accounts. Among others, ESI was seized from Amit Bhardwaj, Srinivasa Kakkera, and Abbas Saeedi. Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of this seized ESI ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel employed, retained, or consulted by the defense, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

    6. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall

maintain a record of what information has been disclosed to which such persons.

7. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, or, if later than the conclusion of this matter, the conclusion of or *S.E.C. v. Bhardwaj* and any appeal therein. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**Retention of Jurisdiction**

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____   Date: 9/8/22
Richard Cooper/Noah Solowiejczyk
Assistant United States Attorneys

_____   Date: 9/1/22
Max Nicholas, Esq.
Counsel for Amit Bhardwaj

_____   Date: 9/7/22
Elisha Kobre, Esq.
Counsel for Srinivasa Kakkera

_____   Date: 09.07.22
Nick Oberheiden, Esq.
Counsel for Abbas Saeedi

SO ORDERED:

Dated: New York, New York
       September 10, 2022

_____
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE