UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                          :

UNITED STATES OF AMERICA,         :

                                          :

            -v-               :                    1:22-cr-398-GHW

                                          :

                                          :                    <u>ORDER</u>

AMIT BHARDWAJ                   :

                             Defendant.  :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/2026

GREGORY H. WOODS, United States District Judge:

On December 8, 2023, the Court sentenced Amit Bhardwaj to 24 months of imprisonment after he was convicted of multiple counts of securities fraud, wire fraud, and conspiracy to commit wire fraud and securities fraud. Dkt. No. 116 ("Judgment"). In the Judgment, the Court ordered that Mr. Bhardwaj forfeit $547,286 in accordance with the terms of a consent order of forfeiture that was incorporated by reference into the Judgment. *Id.* at 8.

Mr. Bhardwaj did not commit his crimes out of need: he reported that he had substantial assets. As the Court stated during his sentencing,

> From his salary and otherwise, Mr. Bhardwaj has done well for himself. His reported net worth approaches five and a half million dollars. He has well over $200,000 in cash, and almost two and a half million dollars in liquid securities. He owns a rental property, as well as a personal home valued at or around I'll call it $2 million. So Mr. Bhardwaj did not need the money from his crime. His employment and other endeavors made him rich. Because of his substantial net worth, Mr. Bhardwaj has substantial capacity to pay not only forfeiture, but also a meaningful fine.

Dkt. No. 118 ("Tr.") at 35:4-14. Mr. Bhardwaj informed the probation office during his presentence interview that he planned to liquidate stock held at Fidelity to satisfy his forfeiture obligations. Dkt. No. 84 ¶ 106. And during the sentencing hearing, Mr. Bhardwaj's counsel commented regarding the fact that Mr. Bhardwaj would be paying approximately $550,000 in forfeiture as a mitigating factor

that weighed against a longer term of incarceration.  Tr. at 21:14-16.

Despite the Court's order of forfeiture, the Judgment, Mr. Bhardwaj's commitment to pay the forfeiture award, and Mr. Bhardwaj's substantial wealth, in the two and a half years since Mr. Bhardwaj was sentenced, he has not paid the forfeiture award as required.  So, on June 3, 2026, the Court entered an order of forfeiture as to substitute assets tracked down by the Government.  Dkt. No. 168 ("Substitute Assets Order").  In that order, the Court authorized the Government to seize assets held by Mr. Bhardwaj in an IRA account at Fidelity to satisfy his forfeiture obligations.

On June 16, 2026, Mr. Bhardwaj, proceeding *pro se*, requested that the Court modify the Substitute Assets Order.  Dkt. No. 173 (the "Motion").[1]  In his Motion, Mr. Bhardwaj asks that the Court vacate the Substitute Assets Order and give him 90 days to pay the money judgment.  Mr. Bhardwaj now tells the Court that he is "actively pursuing financing and other lawful sources of funds to satisfy the full amount of the money judgment without requiring liquidation of the retirement account."  Motion at 1.  Mr. Bhardwaj represents that he is "contemporaneously tendering payment in the amount of Fifty Thousand Dollars ($50,000.00)."  *Id.*  He "further represents to the Court that the remaining balance of the money judgment will be paid in full within Ninety (90) days of the Court's order granting this motion."  *Id.*  These requests are all motivated, Mr. Bhardwaj asserts, by his desire to avoid the early withdrawal penalty and taxes associated with the removal of funds from his IRA before he turns 59 and a half years old.  *Id.*

Mr. Bhardwaj's Motion is denied.  Mr. Bhardwaj has had years to satisfy a consent forfeiture order that he entered in March of 2023.  He has not done so despite his prior commitment to do so and his financial capacity.  Mr. Bhardwaj's purported payment of $50,000 to avoid forfeiture of the substitute assets and his representation that in 90 days he can raise the remainder of the money

---

[1] Because he is proceeding pro se, the Court construes Mr. Bhardwaj's submissions liberally to "raise the strongest arguments they suggest."  *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007).

through alternate means do not reassure the Court. To the contrary, those budding efforts apparently provoked by the Substitute Assets Order highlight the fact that Mr. Bhardwaj could have undertaken earlier efforts to satisfy the judgment. Mr. Bhardwaj opted not to do so, and instead to play "catch me if you can"—a decision that forced the Government to seek out alternative assets and the Court to issue the Substitute Assets Order. The Court understands the potential adverse consequences from the seizure of assets in the defendant's IRA account. However, those are the consequences of Mr. Bhardwaj's extended failure to satisfy his obligations; they do not justify modification of the Substitute Assets Order.

Mr. Bhardwaj's Motion relies on the Court's trust in him to satisfy his obligations timely. At this point, however, the Court has no confidence that Mr. Bhardwaj will make good on his commitment to satisfy his forfeiture obligations on his own initiative. He is a felon convicted of multiple counts of fraud, and he has failed to make the required payments in the more than three years since the entry of the consent order of forfeiture. Against this backdrop, the Court attributes little weight to the promises upon which Mr. Bhardwaj's Motion relies.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 173 and to mail a copy of this order to Mr. Bhardwaj.

SO ORDERED.

Dated: June 17, 2026
      New York, New York

                                        GREGORY H. WOODS
                                   United States District Judge